IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALICIA ARIE ARTHUR,<br><br>Defendant. | CR-12-48-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Ms. Arthur was accused of violating her conditions of supervised release by failing to: (1) refrain from using controlled substances; (2) appear for urinalysis testing; (3) find employment; (4) make monthly restitution payments; (5) submit a monthly report to her probation officer and to contact the officer as directed; (6) participate in a program for mental health treatment; and (7) notify the probation officer prior to any change in residence or employment. She admitted to the violations. Ms. Arthur's supervised release should be revoked. She should be placed in custody for seven months, with 29 months of supervised release to

follow.

## II. Status

In September 2012, Ms. Arthur pleaded guilty to the offense of Robbery Affecting Commerce. Doc. 38. She was sentenced to 44 months of custody, followed by three years of supervised release. Doc. 53. Ms. Arthur's period of supervised release began on October 27, 2014. Doc. 67. On December 23, 2014, the United States Probation Office filed a Report on Offender Under Supervision, notifying the Court that Ms. Arthur had admitted to smoking methamphetamine and heroin. Ms. Arthur's probation officer advised the Court that he was willing to continue supervising Ms. Arthur if she continued to follow Child Protective Services's treatment requirements and remained substance and abuse free. Doc. 64.

**Petition**

The United States Probation Office filed an amended petition asking the Court to revoke Ms. Arthur's supervised release on March 24, 2015. In the petition, the Probation Office accused Ms. Arthur of violating Standard Condition 7 by consuming controlled substances. The Probation Office accused Ms. Arthur of violating Special Condition 1 by failing to appear for urinalysis testing. The petition alleged Ms. Arthur violated Standard Condition 5 by failing to find employment. The petition alleged Ms. Arthur violated Special Condition 9 by

failing to make monthly restitution payments. The petition also alleged Ms. Arthur violated Standard Condition 2 by failing to report to her probation officer as directed. The Probation Office accused Ms. Arthur of violating Special Condition 3 by failing to participate in a program for mental health treatment. The Probation Office also accused Ms. Arthur of violating Standard Condition 6 by failing to notify the probation officer of any change in residence. Doc. 67. Based on the petition, United States District Judge Brian Morris issued a warrant for Ms. Arthur's arrest. Doc. 68.

**Initial appearance**

Ms. Arthur appeared before the undersigned on March 30, 2015, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied her at the initial appearance. Assistant United States Attorney Bryan Dake represented the United States.

Ms. Arthur said she had read the petition and understood the allegations. Ms. Arthur waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On April 7, 2015, Ms. Arthur appeared at the revocation hearing with Mr. Arvanetes. Mr. Dake appeared on behalf of the United States.

Ms. Arthur admitted that she violated the conditions of her supervised

release. These violations are serious and warrant revocation of Ms. Arthur's supervised release.

Ms. Arthur's violation grade is Grade C, her criminal history category is IV, and her underlying offense is a Class C felony. She could be incarcerated for no more than 24 months. She could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for six to 12 months in custody.

Mr. Arvanetes recommended a low end sentence of six to eight months of custody. Mr. Arvanetes argued this would allow Ms. Arthur to give birth to her child while in custody and would allow her to remain on supervised release for a significant term. Mr. Arvanetes recommended Ms. Arthur be placed on supervised release for 30 months, less custody. Mr. Dake recommended a sentence of seven months of custody, followed by 29 months of supervised release. Ms. Arthur addressed the Court and said she was always honest with her probation officer about her violations.

### III. Analysis

Ms. Arthur's supervised release should be revoked because she admitted violating its conditions. Ms. Arthur should be incarcerated for seven months, with 29 months of supervised release to follow. The conditions previously imposed should be continued. This sentence would be sufficient given the seriousness of

the violations but not greater than necessary. Ms. Arthur may have been honest with her probation officer, but she has multiple serious violations. Moreover, she violated conditions despite substantial efforts by her probation officer to help her succeed on supervised release. In custody, she will be able to refrain from drug use during the rest of her pregnancy. A long term of supervised release will help Ms. Arthur avoid drug use, which will greatly increase her chance of reintegrating into the community.

## IV. Conclusion

Ms. Arthur was advised that the above sentence would be recommended to Judge Morris. The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Ms. Arthur's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Ms. Arthur's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

1. Alicia Arie Arthur violated Standard Condition 7 of her supervised release by consuming controlled substances on December 28, 2014, January 31, 2015, and February 9, 2015.

2. Alicia Arie Arthur violated Special Condition 1 of her supervised release by failing to appear for urinalysis testing twice in January 2015, twice in February 2015, and once in March 2015.

3. Alicia Arie Arthur violated Standard Condition 5 of her supervised

release by failing to find employment.

4. Alicia Arie Arthur violated Special Condition 9 of her supervised release by failing to make any monthly restitution payments since her placement on supervision in October 2014.

5. Alicia Arie Arthur violated Standard Condition 2 of her supervised release by failing to submit a monthly report since her placement on supervision in October 2014 and by failing to contact her probation officer on a daily basis after February 27, 2015.

6. Alicia Arie Arthur violated Special Condition 3 of her supervised release by failing to participate in a program for mental health treatment.

7. Alicia Arie Arthur violated Standard Condition 6 of her supervised release by failing to notify her probation officer prior to any change in residence.

The Court **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Ms. Arthur's supervised release and committing Ms. Arthur to the custody of the United States Bureau of Prisons for seven months, with a term of 29 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to

which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

      Dated the 8th day of April, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge